**JacksonLewis**

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

January 9, 2026

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, NY 10007

      Re:    **Marsh & McLennan Agency, LLC v. Charles Baxter Southern III**
               **SDNY Case No. 1:25-cv-09080 (JLR)**

Dear Judge Rochon:

      We are the attorneys for Plaintiff Marsh & McLennan Agency, LLC in the above-referenced action. Pursuant to the Court's Notice Initial Pretrial Conference (ECF No. 12) and Rule 2(D) of Your Honor's Individual Practices, the parties submit this joint letter in advance of the January 20, 2026 initial pretrial conference.

## I. Brief Description of the Case

### a. Plaintiff's Position:

      Defendant Charles Baxter Southern III ("Southern"), a former senior executive of Plaintiff Marsh & McLennan Agency, LLC ("MMA"), breached and continues to breach multiple contractual and common law obligations, misappropriated and continues to misappropriate trade secrets, and engaged and continues to engage in unfair competition following MMA's acquisition of McGriff in November 2024. While still employed and entrusted with confidential information and client relationships, Southern orchestrated a coordinated raid of MMA's employees and clients. Southern solicited and recruited at least seventeen MMA employees, misappropriated confidential client and employee data, and diverted from MMA approximately 36 client accounts worth over $4,000,000 in annual recurring revenue. MMA seeks damages to compensate for the theft and permanent loss of business, as well as injunctive relief, and attorneys' fees.

      Major legal and factual issues include: whether Southern breached enforceable restrictive covenant agreements by soliciting MMA's employees and clients and/or by using or failing to return confidential information; the timing and scope of Southern's misconduct, including his involvement in the mass resignations and client transfers; whether Southern misappropriated MMA's trade secrets; the nature and value of the confidential information and trade secrets at issue; whether Southern violated his duty of loyalty by conspiring with a competitor during his

**JacksonLewis**

Hon. Jennifer L. Rochon
January 9, 2026
Page 2

employment; whether Southern's conduct constitutes unfair competition under applicable law; and the quantification of damages and irreparable harm.

### b. Defendant's Position:

Mr. Southern agrees that among the major factual and legal issues in this case are whether Mr. Southern solicited both employees and clients in violation of his contractual or other legal obligations, whether any information was misappropriated by Mr. Southern and, if so, whether any such information constitutes trade secrets, and whether he has engaged in unfair competition.

Mr. Southern further anticipates moving to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the primary bases that (1) Plaintiff's Defend Trade Secrets Act claim (Fifth Cause of Action), which is the sole federal claim, is not adequately pleaded and must be dismissed; (2) Plaintiff has not properly alleged diversity jurisdiction, and in the absence of federal question jurisdiction the Complaint must therefore be dismissed; and (3) certain tort claims are duplicative of Plaintiff's contract claims and should be dismissed. This motion is forthcoming on January 15, 2026.

## II. Jurisdiction and Venue

Plaintiff avers that it is a privately held single-member limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in White Plains, New York.[1] Defendant is an individual who resides in Clayton, Missouri. Plaintiff believes this Court has both federal question and diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Defendant contends that the Court lacks federal question jurisdiction because the sole federal claim, trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836, is not adequately pleaded and must be dismissed, and that Plaintiff has not properly alleged diversity jurisdiction.

Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant expressly consented to the jurisdiction of state and federal courts located in New York County pursuant to Section 15 of the Marsh & McLennan Agency Non-Solicitation and Confidentiality Agreement.

## III. Existing Deadlines

The parties refer to the proposed deadlines set forth in the Civil Case Management Plan and Scheduling Order. In addition, the deadline for Defendant to answer, move, or otherwise respond to the Complaint is January 15, 2026.

## IV. Outstanding Motions

---

[1] Plaintiff's sole member is Marsh USA LLC, which is a wholly owned subsidiary of Marsh & McLennan Companies, Inc. Marsh USA and Marsh & McLennan Companies are citizens of New York and Delaware. (*See* ECF No. 9).

JacksonLewis

There are currently no outstanding motions. In the event of any discovery disputes, the parties reserve the right to seek appropriate relief from the Court. Defendant intends to file a partial motion to dismiss Plaintiff's Complaint on the bases of Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as set forth in Section I above. The parties further reserve the right to file motions for summary judgment. If this matter proceeds to trial, the parties anticipate filing motions in limine and reserve the right to file any additional motions as necessary.

### V.   Discovery

Discovery has not yet been issued by either party. To engage in productive settlement discussions, the parties believe that core discovery should be completed, including written discovery responses, initial document productions, and fact depositions of key witnesses.

### VI.   Prior Settlement Discussions

The parties have not engaged in settlement discussions to date. No offers or demands have been exchanged. The parties anticipate that settlement discussions may occur after initial discovery has been completed or in connection with potential alternate dispute resolution mechanisms.

### VII.   Alternate Dispute Resolution Mechanisms

The parties have discussed the use of alternate dispute resolution mechanisms and believe that a settlement conference before a Magistrate Judge or retention of a private mediator may eventually be appropriate. Plaintiff consents to a settlement conference before Magistrate Judge Netburn. Defendant continues to assess his position with respect to the most appropriate and effective means of alternative dispute resolution. A settlement conference or mediation should await completion of initial discovery as noted above.

### VIII.   Any Other Information

The parties do not have any additional information that they believe would assist the Court in advancing the case toward settlement or trial.

Respectfully submitted,

JACKSON LEWIS P.C.

Clifford R. Atlas

cc:   Counsel of Record (via ECF)