**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARSH & MCLENNAN AGENCY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES BAXTER SOUTHERN III,<br><br>  Defendant. | Civ. No. 25-cv-9080<br><br>JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF CHARLES BAXTER SOUTHERN III**

Defendant Charles Baxter Southern III ("Southern"), by and through his undersigned counsel, Dorsey & Whitney LLP, submits this Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Marsh & McLennan Agency, LLC ("MMA") as follows:

1. Southern denies the allegations in paragraph 1.

2. Southern denies the allegations of paragraph 2 and denies the allegations in footnote no. 1 to paragraph 2, except admits that he worked for MMA and its predecessors for over 20 years and admits that he resigned from MMA in July 2025.

3. Southern denies the allegations in paragraph 3.

4. Southern denies the allegations in paragraph 4.

5. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 5.

6. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 6.

7. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 7.

8. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 8.

9. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 9.

10. Southern denies the allegations in paragraph 10, except admits that prior to his resignation from MMA, he served as a leader of MMA's marine specialty team and MMA's St. Louis office.

11. Southern denies the allegations in paragraph 11, except admits that he is an individual who resides in Missouri and admits that he worked for MMA and its predecessors in St. Louis from approximately January 2005 until July 21, 2025.

12. Southern admits that he resigned from MMA on July 21, 2025 and that he commenced employment with Howden U.S. Specialty LLC thereafter as the U.S. Practice Head of Marine, but denies the remaining allegations in paragraph 12.

13. No responsive pleading is required to the legal conclusions pleaded in paragraph 13 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 13.

14. No responsive pleading is required to the legal conclusions pleaded in paragraph 14 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 14.

15. No responsive pleading is required to the legal conclusions pleaded in paragraph 15 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 15, except admits that he maintains a non-resident insurance broker's license in the state of New York.

16. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 16.

17. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 17.

18. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 18.

19. Southern denies the allegations in paragraph 19.

20. Southern denies the allegations in paragraph 20.

21. Southern denies the allegations in paragraph 21.

22. No responsive pleading is required to the legal conclusions pleaded in paragraph 22 and Southern respectfully refers the Court to the documents that the Complaint purports to reference for their full force, effect, and interpretation.  To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 22.

23. Southern denies the allegations in paragraph 23, except admits that MMA offers certain training to employees regarding confidential information, none of which was designed to or did accomplish the creation, development or furtherance of goodwill with clients.

24. Southern denies the allegations in paragraph 24.

25. Southern denies the allegations in paragraph 25.

26. Southern denies the allegations in paragraph 26, except admits that he was an employee of MMA and its predecessors for over 20 years.

27. No responsive pleading is required to the legal conclusions pleaded in paragraph 27.  To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 27.

28. No responsive pleading is required to the legal conclusions pleaded in paragraph 28. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 28.

29. Southern denies the allegations in paragraph 29, except admits that on November 14, 2024 he executed an agreement entitled "Marsh & McLennan Agency LLC Non-Solicitation and Confidentiality Agreement," and respectfully refers the Court to that document for its full force, effect, and interpretation.

30. No responsive pleading is required to the legal conclusions pleaded in paragraph 30 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 30.

31. No responsive pleading is required to the legal conclusions pleaded in paragraph 31 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 31.

32. No responsive pleading is required to the legal conclusions pleaded in paragraph 32 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 32.

33. No responsive pleading is required to the legal conclusions pleaded in paragraph 33 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 33.

34. No responsive pleading is required to the legal conclusions pleaded in paragraph 34 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 34.

35. No responsive pleading is required to the legal conclusions pleaded in paragraph 35 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 35.

36. No responsive pleading is required to the legal conclusions pleaded in paragraph 36 and Southern respectfully refers the Court to the document that the Complaint purports to reference for its full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 36.

37. No responsive pleading is required to the legal conclusions pleaded in paragraph 37 and Southern respectfully refers the Court to the documents that the Complaint purports to reference for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 37.

38. No responsive pleading is required to the legal conclusions pleaded in paragraph 38. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 38.

39. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 39, but otherwise denies the allegations concerning his alleged conduct.

40. No responsive pleading is required to the legal conclusions pleaded in paragraph 40. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 40.

41. No responsive pleading is required to the legal conclusions pleaded in paragraph 41. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 41, except admits that McGriff used Howden Group Holdings, Ltd. as a wholesale broker for certain of MMA's accounts and admits that Southern, on behalf of MMA, had contact with Howden Group Holdings, Ltd. and/or its subsidiaries pursuant to the broker/wholesaler relationship between MMA and Howden Group Holdings, Ltd.

42. No responsive pleading is required to the legal conclusions pleaded in paragraph 42. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 42, except admits that he occasionally traveled to London on behalf of MMA to meet with Howden Group Holdings, Ltd. in furtherance of MMA's business.

43. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 43.

44. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 44.

45. Southern denies the allegations in paragraph 45.

46. Southern denies the allegations in paragraph 46.

47. Southern denies the allegations in paragraph 47.

48. Southern denies the allegations in paragraph 48, except admits that in approximately June 2025 he made a business trip to London on behalf of MMA to visit Howden Group Holdings, Ltd. in furtherance of MMA's business.

49. Southern denies the allegations in paragraph 49.

50. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 50, except admits that in late July 2025, Southern resigned from MMA and commenced employment with Howden U.S. Specialty LLC. No responsive pleading is required to the legal conclusions pleaded in the second sentence of paragraph 50. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 50.

51. Southern admits the allegations in paragraph 51.

52. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52.

53. Southern denies allegations in paragraph 53, except admits that after he resigned from MMA, certain other employees resigned from MMA and commenced employment with Howden entities and admits that certain of such employees report to Southern at Howden.

54. No responsive pleading is required to the legal conclusions pleaded in paragraph 54. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 54.

55. No responsive pleading is required to the legal conclusions pleaded in the first sentence of paragraph 55. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in the first sentence of paragraph 55. Southern denies the allegations in the second sentence of paragraph 55.

56. Southern denies the allegations in paragraph 56. No responsive pleading is required to the legal conclusions pleaded in footnote no. 2 to paragraph 56. To the extent a responsive

pleading is deemed to be required, Southern denies the allegations in footnote no. 2 to paragraph 56.

57.     Southern denies the allegations in paragraph 57.

58.     No responsive pleading is required to the legal conclusions pleaded in paragraph 58. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 58.

59.     Southern denies the allegations in paragraph 59.

60.     Southern denies the allegations in paragraph 60, except admits that approximately one week before his resignation from MMA on July 21, 2025, pursuant to Southern's request, MMA transferred Southern's long-standing personal cellphone number of approximately 25 years from an MMA cellular telephone plan to a personal cellular telephone plan.

61.     Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 61.

62.     Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in the first sentence of paragraph 62. Southern denies the allegations in the second sentence of paragraph 62.

63.     Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in the first two sentences of paragraph 63. Southern denies the allegations in the third sentence of paragraph 63.

64.     No responsive pleading is required to the legal conclusions pleaded in the first sentence of paragraph 64 and Southern respectfully refers the Court to the documents that the Complaint purports to reference for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in the first sentence

of paragraph 64. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in the second sentence of paragraph 64. Southern denies the allegations in the third sentence of paragraph 64.

65. Southern denies the allegations in paragraph 65.

66. Southern denies that he "schemed to prevent [MMA employees from] executing an MMA restrictive covenant," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 66.

67. Southern denies the allegations in paragraph 67.

68. Southern denies the allegations in paragraph 68, except admits that certain employees of Howden U.S. Specialty LLC in St. Louis temporarily worked from Southern's basement, and admits that employees of Howden U.S. Specialty LLC presently work out of an office in St. Louis.

69. Southern denies the allegations in paragraph 69.

70. Southern denies the allegations in paragraph 70.

71. Southern denies the allegations in paragraph 71.

72. Southern denies the allegations in paragraph 72.

73. Southern denies the allegations in paragraph 73.

74. No responsive pleading is required to the legal conclusions pleaded in paragraph 74 and Southern respectfully refers the Court to the documents that the Complaint purports to reference for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 74.

75. No responsive pleading is required to the legal conclusions pleaded in paragraph 75. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 75.

76. Southern denies the allegations in paragraph 76.

77. Southern denies the allegations in paragraph 77, except admits upon information and belief that at least two clients sent emails to Southern's former MMA email address after Southern resigned from MMA.

78. Southern denies the allegations in paragraph 78.

79. Southern denies the allegations in paragraph 79.

80. Southern denies the allegations in paragraph 80.

81. Southern denies the allegations in paragraph 81.

82. Southern denies that he solicited or was involved in the solicitation of any MMA employees, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 82.

83. Southern denies the allegations in paragraph 83.

84. Southern denies the allegations in the first two sentences of paragraph 84. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 84..

85. Southern denies the allegations in paragraph 85.

86. No responsive pleading is required to the legal conclusions pleaded in paragraph 86. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 86.

87. No responsive pleading is required to the legal conclusions pleaded in paragraph 87. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 87.

88. Southern denies the allegations in paragraph 88.

89. Southern denies the allegations in paragraph 89.

90. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in the first sentence of paragraph 90, and denies the remaining allegations in paragraph 90.

91. No responsive pleading is required to the legal conclusions pleaded in paragraph 91. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 91.

92. Southern denies the allegations in paragraph 92.

93. Southern denies the allegations in paragraph 93.

94. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

95. No responsive pleading is required to the legal conclusions pleaded in paragraph 95 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 95.

96. No responsive pleading is required to the legal conclusions pleaded in paragraph 96 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 96.

97. Southern denies the allegations in paragraph 97.

98. Southern denies the allegations in paragraph 98.

99. Southern denies the allegations in paragraph 99.

100. Southern denies the allegations in paragraph 100.

101. Southern denies the allegations in paragraph 101.

102. Southern denies the allegations in paragraph 102.

103. Southern denies the allegations in paragraph 103.

104. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

105. No responsive pleading is required to the legal conclusions pleaded in paragraph 105 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation.  To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 105.

106. No responsive pleading is required to the legal conclusions pleaded in paragraph 106 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation.  To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 106.

107. Southern denies the allegations in paragraph 107.

108. Southern denies the allegations in paragraph 108.

109. Southern denies the allegations in paragraph 109.

110. Southern denies the allegations in paragraph 110.

111. Southern denies the allegations in paragraph 111.

112. Southern denies the allegations in paragraph 112.

113. Southern denies the allegations in paragraph 113.

114. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

115. No responsive pleading is required to the legal conclusions pleaded in paragraph 115 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 115.

116. No responsive pleading is required to the legal conclusions pleaded in paragraph 116 and Southern respectfully refers the Court to the documents that the Complaint purports to quote for their full force, effect, and interpretation. To the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 116.

117. Southern denies the allegations in paragraph 117.

118. Southern denies the allegations in paragraph 118.

119. Southern denies the allegations in paragraph 119.

120. Southern denies the allegations in paragraph 120.

121. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

122. No responsive pleading is required to the legal conclusions pleaded in the first sentence of paragraph 122 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in the first sentence of paragraph 122. Southern denies the remaining allegations in paragraph 122, except admits that during his employment at MMA he had access to certain sensitive client, financial strategic and/or personnel information, but denies that such information constitutes trade secrets.

123. No responsive pleading is required to the legal conclusions pleaded in paragraph 123 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 123.

124. Southern denies the allegations in paragraph 124.

125. Southern denies the allegations in paragraph 125.

126. Southern denies the allegations in paragraph 126.

127. Southern denies the allegations in paragraph 127.

128. Southern denies the allegations in paragraph 128.

129. Southern denies the allegations in paragraph 129.

130. Southern denies the allegations in paragraph 130.

131. Southern denies the allegations in paragraph 131.

132. Southern denies the allegations in paragraph 132.

133. Southern denies the allegations in paragraph 133, except admits that Plaintiff seeks an award of punitive damages. Southern denies that Plaintiff is entitled to an award of punitive damages or to any other relief against Southern.

134. Southern denies the allegations in paragraph 134, except admits that Plaintiff seeks an award of attorneys' fees and costs. Southern denies that Plaintiff is entitled to an award of attorneys' fees and costs or to any other relief against Southern.

135. Southern denies the allegations in paragraph 135, except admits that Plaintiff seeks a permanent injunction against Southern. Southern denies that Plaintiff is entitled to a permanent injunction or to any other relief against Southern.

136. Southern denies the allegations in paragraph 136.

137. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

138. Southern denies the allegations in paragraph 138.

139. Southern denies the allegations in paragraph 139.

140. Southern lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 140.

141. No responsive pleading is required to the legal conclusions pleaded in paragraph 141 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 141.

142. Southern denies the allegations in paragraph 142.

143. Southern denies the allegations in paragraph 143.

144. Southern denies the allegations in paragraph 144.

145. Southern denies the allegations in paragraph 145.

146. Southern denies the allegations in paragraph 146.

147. Southern denies the allegations in paragraph 147.

148. Southern denies the allegations in paragraph 148.

149. Southern denies the allegations in paragraph 149.

150. Southern denies the allegations in paragraph 150 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in footnote no. 3 to paragraph 150.

151. Southern denies the allegations in paragraph 151.

152. Southern denies the allegations in paragraph 152.

153. Southern denies the allegations in paragraph 153.

154. Southern denies the allegations in paragraph 154.

155. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

156. No responsive pleading is required to the legal conclusions pleaded in paragraph 156 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 156.

157. Southern admits the allegations in paragraph 157.

158. Southern denies the allegations in paragraph 158, except admits that MMA entrusted Southern with certain confidential information.

159. No responsive pleading is required to the legal conclusions pleaded in paragraph 159 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 159.

160. Southern denies the allegations in paragraph 160, except admits that while employed by MMA he provided Howden with information regarding MMA's clients in the course of, and in furtherance of, MMA's wholesale brokerage relationship with Howden. Southern denies breaching any contract or other legal obligation or duty to MMA.

161. Southern denies the allegations in paragraph 161.

162. Southern denies the allegations in paragraph 162.

163. Southern denies the allegations in paragraph 163.

164. No responsive pleading is required to the legal conclusions pleaded in paragraph 164 but, to the extent a responsive pleading is deemed to be required, Southern denies the allegations in paragraph 164.

165. Southern denies the allegations in paragraph 165.

166. Southern denies the allegations in paragraph 166.

167. Southern incorporates and repeats his answers and responses in the previous paragraphs as if fully restated here.

168. Southern denies the allegations in paragraph 168.

169. Southern denies the allegations in paragraph 169.

170. Southern denies the allegations in paragraph 170.

171. Southern denies the allegations in paragraph 171.

172. Southern denies the allegations in paragraph 172.

173. Southern denies the allegations in paragraph 173.

174. To the extent a response is deemed required to the unnumbered Prayer for Relief on page 42 of the Complaint, Southern denies that Plaintiff is entitled to the relief set forth therein or any other relief, whether expressly included in the Prayer for Relief or otherwise.

## **AS AND FOR SOUTHERN'S AFFIRMATIVE DEFENSES**

Without being deemed to admit any of the facts as alleged in the Complaint, Southern asserts and sets forth the following affirmative defenses. In so doing, Southern disclaims and does not assume the burden of proving any fact, issue, or element of a cause of action where such a burden belongs to Plaintiff. As discovery is ongoing and at the very early stages, Southern reserves the right to amend, supplement, or assert additional, different, further, or other affirmative defenses as may be appropriate.

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto.*

3. Plaintiff's claims are barred, in whole or in part, by its failure to perform its obligations to Southern.

4. Plaintiff's claims are barred, in whole or in part, because Southern has not breached any duties he owes to Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by a failure to state a claim upon which relief may be granted.

6. Plaintiff's claims are barred, in whole or in part, due to the overbroad nature of the restrictive covenants.

7. Plaintiff's claims are barred, in whole or in part, because it lacks a protectable interest in any employees, clients, prospective clients or information at issue in this case.

8. Plaintiff's claims are barred, in whole or in part, due to the fact that the information it complains that Southern misappropriated, misused, destroyed or disclosed is neither confidential nor trade secret.

9. Plaintiff's claims are barred, in whole or in part, because it did not suffer any damages caused by Southern.

10. Plaintiff's claims are barred, in whole or in part, because it did not suffer damages.

11. Plaintiff's claims are barred, in whole or in part, due to equitable estoppel.

12. Plaintiff's claims are barred, in whole or in part, due to a failure to mitigate damages.

13. Plaintiff's claims are barred, in whole or in part, due to its own misconduct.

14. Plaintiff's claims are barred, in whole or in part, because of a failure of causation.

15. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

16. Plaintiff's claims for trademark misappropriation are barred, in whole or in part, because the information it claims to be a trade secret is publicly available and/or readily ascertainable.

17. Plaintiff's claims for trademark misappropriation are barred, in whole or in part, because MMA does not exercise reasonable or adequate means to maintain the secrecy of the information MMA claims to be a trade secret.

18. Plaintiff's claims for trademark misappropriation are barred, in whole or in part, because Southern acquired the information MMA claims to be a trade secret through proper means, including but not limited to independent development and/or reverse engineering.

19. Plaintiff's claims for trademark misappropriation are barred, in whole or in part, because MMA brought such claims in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Southern respectfully requests that this Court enter judgment against MMA as follows:

a) Dismissing with prejudice the Complaint against Southern in its entirety;

b) Awarding Southern his reasonable attorneys' fees and costs incurred in the defense of this action; and,

c) Granting Southern such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
February 26, 2026

**DORSEY & WHITNEY LLP**

By: */s/ Jeremy E. Deutsch*
    Jeremy E. Deutsch
    Krista E. Bolles
51 West 52nd Street
New York, NY 10019
(212) 415-9238

deutsch.jeremy@dorsey.com
bolles.krista@dorsey.com

-and-

Kathryn A. Johnson (*pro hac vice*)
50 South 6th Street, Suite #1500
Minneapolis, MN 55402
(612) 492-6613
johnson.kate@dorsey.com

*Attorneys for Defendant*
*Charles Baxter Southern III*