UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH & MCLENNAN AGENCY LLC, | No. 1:25-cv-9080-JLR |
| Plaintiff, | **STIPULATION AND PROPOSED PROTECTIVE ORDER** |
| v. | |
| CHARLES BAXTER SOUTHERN III, | |
| Defendant. | |

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

WHEREAS, this Stipulation and Protective Order is entered on an interim basis in light of the Parties' dispute regarding certain proposed provisions. The terms of this Order are without prejudice to any Party's position concerning the disputed provision(s), and nothing herein shall be construed as a waiver of any Party's rights or arguments with respect thereto;

The Parties shall submit the dispute to the Court in accordance with its Individual Rules. This Order shall remain in effect unless and until the Court resolves the dispute, at which time this Order shall be superseded, modified, or replaced by further order of the Court;

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter, material with either designation, including deposition transcripts,

1

will be referred to as "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.  Material may be designated as "Highly Confidential – Attorneys' Eyes Only," in whole or in part, only if counsel determines reasonably and in good faith that such additional protection is warranted due to the nature of the document or information.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.  The producing person or that person's counsel may designate portions as "Highly Confidential – Attorneys' Eyes Only" by similarly stamping or otherwise clearly marking as "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential unless counsel indicated on the record or by subsequent correspondence (sent prior to the distribution of the transcript) that line-by-line designations of "Highly Confidential – Attorneys' Eyes Only" information would be provided before or at the conclusion of the 30-day period.  In such circumstances, the entire transcript will be treated during that 30-day period as if it had been designated as "Highly Confidential – Attorneys' Eyes Only."

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, such producing person

may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only as designated, under the terms of this Protective Order.

6.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

     (a)    the Parties to this action, their insurers, and counsel to their insurers;

     (b)    counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

     (c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

     (d)    any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     (e)    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

     (f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     (g)    any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

     (h)    stenographers engaged to transcribe depositions conducted in this action; and

     (i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

> (a)     counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
>
> (b)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> (c)     any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> (d)     as to any document—and solely during in-person meetings to prepare for depositions or other testimony—its author, its addressee and any other person indicated on the face of the document as having received a copy or identifiable based on the metadata or source of the document as formerly having been in the person's possession (e.g., documents extracted from a mobile device, laptop, or other electronic device formerly in possession of the person);
>
> (e)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
>
> (f)     stenographers engaged to transcribe depositions conducted in this action; and
>
> (g)     this Court, including any appellate court, and the court reporters and support personnel for the same.

8.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 2.E. of Judge Rochon's Individual Rules of Practice in Civil Cases.

9.      Any Party or third party producing information who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section 2.E. of Judge Rochon's Individual Rules of Practice in Civil Cases.

10.      In the event that any additional parties are added to this litigation, whether by Court order or otherwise, the Parties will meet and confer about appropriate modifications to this Protective Order.

11.      Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

12.      Upon request, counsel shall promptly provide to a producing Party's counsel a copy of any individual's Non-Disclosure Agreement (annexed as an Exhibit hereto).

13.      Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.      All persons seeking to file redacted documents or documents under seal with the Court shall follow Section 4.B. of Judge Rochon's Individual Rules of Practice in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York.  The Parties shall use their best efforts to minimize such sealing, and they acknowledge that the designation of any Discovery Material under this protective order does not presumptively entitle parties to file confidential information under seal unless instructed or permitted by the Court.

15.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

16.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.     Nothing in this Protective Order shall be deemed an order or concession regarding the relevance or admissibility of any particular Discovery Material and all parties to this action and any Other Action shall reserve all rights and objections.  All parties similarly reserve all rights as to whether any particular Discovery Material is a trade secret or otherwise confidential.

21.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

/s/ Clifford R. Atlas

Clifford R. Atlas
Paige C. Goldberg
Michael A. Neville
666 Third Avenue, 28th Floor
New York, NY 10017
Clifford.Atlas@jacksonlewis.com
Paige.Goldberg@jacksonlewis.com
Michael.Neville@jacksonlewis.com

*Attorneys for Plaintiff*
*Marsh & McLennan Agency, LLC*

Dated:  June 3, 2026

/s/ Kathryn A. Johnson

Jeremy E. Deutsch
Krista Bolles
Dorsey & Whitney, LLP
41 West 52nd Street
New York, NY 10019
Deutsch.Jeremy@dorsey.com
Bolles.Krista@dorsey.com

Kathryn Johnson
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Johnson.Kate@dorsey.com
*Pro Hac Vice*

*Attorneys for Defendant*
*Charles Baxter Southern III*

Dated:  June 3, 2026

Dated: June 4, 2026
        New York, New York

SO ORDERED:

Jennifer L. Rochon
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH & MCLENNAN
AGENCY LLC,

                                    Plaintiff,                           1:25-cv-9080-JLR

-against-
                                                                    NON-DISCLOSURE
CHARLES BAXTER                                                           AGREEMENT
SOUTHERN III,

                                    Defendant.

 

I, ⸺⸺⸺⸺⸺⸺ , acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ⸺⸺⸺⸺

                                                             Signature