

**JEREMY E. DEUTSCH**
**Partner**
**(212) 415-9238**
**deutsch.jeremy@dorsey.com**

July 7, 2026

**VIA CM/ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Defendant's request for a discovery conference is GRANTED. Counsel for all parties shall appear for a conference on **July 28, 2026** at 12:00 p.m. via Microsoft Teams. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone conference ID: 662 502 524#.

Dated: July 23, 2026
New York, New York

SO ORDERED.

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re: *Marsh & McLennan Agency, LLC v. Southern*, No. 1:25-CV-9080 (JLR) (S.D.N.Y) –
Request for Discovery Conference to Compel Rule 26(a)(1) Damages Disclosure

Dear Judge Rochon:

Pursuant to Local Civil Rule 37.2 and Sections 1.A and 2.E of the Court's Individual Practices, we write on behalf of defendant Charles Baxter Southern III ("Southern") to request the Court's assistance in compelling Plaintiff, Marsh & McLennan Agency, LLC ("MMA") to comply with its obligations to disclose its damages, the computations, and supporting evidence. Through various correspondence and attempts to meet and confer, Southern has tried to engage with MMA in good faith, but MMA has failed to comply, thus necessitating this request.

## Background and Nature of the Dispute

Rule 26(a)(1)(A)(iii) requires a party to provide with its Initial Disclosures "a computation of each category of damages" and the associated documents "on which each computation is based." MMA's Initial Disclosures were due January 12, 2026 (Dkt. 28), yet MMA has failed to provide the required damages computations or document disclosures. Ex. 1, at 5. On February 9, 2026, Southern sent MMA a deficiency letter regarding its Initial Disclosures. Ex. 2. MMA responded on February 12, 2026 that because damages are "far from a simple mathematical computation" and "require[] expert evaluation," MMA need not disclose any computation of damages in its Initial Disclosures, despite MMA's allegation in the Complaint (and later, the First Amended Complaint) that Southern's alleged conduct deprived MMA of over $4 million in annual recurring revenue. Ex. 3. *See* Dkt. 1 ¶ 75 (Complaint); Dkt. 31 ¶ 81 (First Amended Complaint).

MMA served its First Amended Initial Disclosures on February 23, 2026, which purported to identify five categories of damages. Ex. 4. MMA averred that its damages were "not yet calculable, but are no less than a multiple of $4.8 million;" however, it declined to provide the requisite damages disclosures, supporting documents, or even the multiple. *Id.* On April 6, 2026, Southern sent MMA a second deficiency letter, addressing several deficiencies, including MMA's failure to

4930-8197-8808\4



Hon. Jennifer L. Rochon
Page 2

provide appropriate damages disclosures. Ex. 5. Thereafter, on April 24, 2026, the parties met and conferred about MMA's deficient responses to Southern's February 3, 2026 First Requests for Production ("RFPs"), which seek documents and communications concerning MMA's alleged damages and its computation of such damages. Ex. 6. Additionally, throughout April and May, Southern requested to meet and confer with MMA regarding Rule 30(b)(6) topics, including those concerning damages, a total of seven times. MMA neglected to respond to Southern's requests until June 10, 2026. Southern also reminded MMA that as of that date, MMA had not replied to his April 6, 2026 deficiency letter regarding MMA's deficient damages disclosures.

On June 17, 2026, after another follow-up inquiry from Southern regarding MMA's damages disclosures, MMA replied, ". . . Your asserted deficiencies appear to seek an early preview of expert opinions. As you are aware, MMA's expert report is not due until October 5, 2026. At this stage, our disclosures reflect the information presently available to us, and we will supplement as and when appropriate." Ex. 7. On June 19, 2026, MMA made its first document production in this case, totaling 604 documents. Southern is a custodian of over 400 of the 604 documents MMA produced. MMA's document production does not include disclosures related to damages, computations of damages or other supporting documents.

**MMA Continues to Withhold its Damages Calculations and Supporting Documents**

MMA is required to provide a computation of damages and supporting evidence at the outset of the case to avoid prejudicing Southern's ability to prepare his defense. *See Xinuos, Inc. v. IBM Corp.*, 2025 U.S. Dist. LEXIS 36883 at *2 (S.D.N.Y. Feb. 28, 2025) (compelling a party to supplement information on damages, including computations, despite the early stage of the case); *Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 U.S. Dist. LEXIS 30011 (S.D.N.Y. Mar. 7, 2014) ("[T]he 'major purpose' of Rule 26(a)(1) . . . is to 'accelerate the exchange of basic information about the case.") Rather than comply with its obligations under Rule 26(a)(1), though, MMA simply claims damages in excess of $4.8 million for "the value of the ongoing business stolen by Defendant." Ex. 4, at 6; *see Lawrence v. Goals Aesthetics & Plastic Surgery*, 2024 U.S. Dist. LEXIS 142258, at *26 (S.D.N.Y. Aug. 9, 2024) ("[C]ourts examining this issue have held that Rule 26(a)(1)(A)(iii) requires more than merely setting forth the figure demanded."). MMA's baseless delay is highly prejudicial to Southern and frustrates his ability to prepare his defense.

*MMA's Loss of Profits, Business Opportunities, and Other Revenue:* MMA claims entitlement to lost profits, business opportunities, and revenues but fails to quantify its losses or provide any relevant calculation. Southern is left simply to guess as to MMA's theories and calculations. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (finding a damages claim inadequate where plaintiff provided revenue and financial statements and argued defendant could perform "simple arithmetic" to evidence lost profits). As to this category of damages, MMA provides no justification for why it cannot comply with Rule 26(a)(1).

*The Value of the Book of Business Allegedly Taken from MMA and Reimbursement for the Loss or Diminution in Value of MMA's Confidential Information Based on Alleged Misuse or Misappropriation*: Similarly, MMA claims/ entitlement to the value of the book of business

4930-8197-8808\4



Hon. Jennifer L. Rochon
Page 3

allegedly taken from MMA and reimbursement related to alleged misuse or misappropriation of confidential information. MMA offers no reason why it will not provide Southern with a calculation of such damages or any documents supporting such calculation. MMA possesses the facts and data necessary to calculate each of these alleged damages and cannot delay disclosure on the basis that any further investigation may hypothetically lead to additional information. Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it [and] is not excused from making its disclosures because it has not fully investigated the case.").

_MMA Is Withholding Supporting Documents Concerning Its Damages:_ In addition to failing to disclose computations of damages, MMA also is withholding any supporting documents. The disclosure of supporting documents under Rule 26(a)(1)(A)(iii) must "be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." _Lawrence_, 2024 U.S. Dist. LEXIS 142258 at *25. As discovery progresses, even further detail is necessary. _Id._ MMA's disclosures and production have been devoid of any such documents.

_MMA Cannot Delay Damages Disclosures Until Expert Discovery_: By email on June 17, 2026, MMA referenced the October expert disclosure deadline when questioned about its deficient initial disclosures. MMA cannot avoid its initial disclosure obligations "on the ground that expert analysis will refine the damages calculation." _Lively v. Wayfarer Studios LLC_, 2025 U.S. Dist. LEXIS 136777, at *11 (S.D.N.Y. July 17, 2025) (compelling disclosure of documents regarding the calculation of damages and supporting documents even where damages will eventually rely on expert discovery). Indeed, Rule 26(a)(1), which governs initial disclosures, is separate and distinct from Rule 26(a)(2), which governs expert discovery. _See Xinuous_, 2025 U.S. Dist. LEXIS 36883 at *4 ("That expert reports may later refine the analysis does not excuse Plaintiff from disclosing its present knowledge.").

_MMA Cannot Delay Disclosing Damages Computations Because They Are Complicated:_ MMA's assertions that its damages are "not yet calculable" are without merit. MMA is "not excused from complying with Rule 26(a)(1)(A)(iii) simply because computing the alleged damages may be difficult." _Lawrence_, 2024 U.S. Dist. LEXIS 142258, at *25 (quoting _Bernstein v. Cengage Learning, Inc._ 2022 U.S. Dist. LEXIS 242987, at *2 (S.D.N.Y Apr. 21, 2022)). Even where computation might be "complex and lengthy" and "involve a lot of documents," MMA must still comply with the Rule. _Scantibodies Lab., Inc. v. Church & Dwight Co._, 2016 U.S. Dist. LEXIS 154396, at *14 (S.D.N.Y. Nov. 4, 2016).

Accordingly, Southern respectfully requests a discovery conference before the Court to address MMA's deficient damages disclosures before he is irreversibly prejudiced by MMA's delay.

Respectfully submitted,

/s/ Jeremy E. Deutsch

Jeremy E. Deutsch

4930-8197-8808\4