**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

MARSH & McLENNAN COMPANIES, INC., *et al.*,

Plaintiffs,

-against-

HOWDEN GROUP HOLDINGS LIMITED, *et al.*,

Defendants.

**25 Civ. 9130 (JLR) (GS)**

---------------------------------------------------------------------X

MARSH & McLENNAN AGENCY, LLC,

Plaintiff,

-against-

CHARLES BAXTER SOUTHERN III,

Defendant.

**25 Civ. 9080 (JLR) (GS)**

**ORDER**

---------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On June 22, 2026, in 25-cv-9130, Defendants Howden US Services, LLC and Howden US Specialty, LLC (collectively "Howden") filed a letter motion to compel Plaintiffs (collectively "Marsh") to produce damages disclosures pursuant to Rule 26(a)(1). (Dkt. No. 245 ("Howden Ltr.")). After Marsh's opposition thereto (Dkt. No. 248 ("Marsh Ltr.")), the Court held a discovery conference on the matter on July 17, 2026 (Minute Entry at July 17, 2026).[1] On July 7, 2026, in 25-cv-9080, Defendant

[1] A transcript of that hearing can be found at Docket Number 262 ("Tr.").

Southern filed a similar letter motion as to Plaintiff Marsh McClennan Agency's ("MMA") initial disclosures (Dkt. No. 46 ("Southern Ltr."), and MMA similarly opposed that motion (Dkt. No. 49 ("MMA Ltr.")). For the following reasons, the letters motions by Howden and Southern are **GRANTED IN PART and DENIED IN PART**.

**LEGAL STANDARDS**

Rule 26(a)(1)(A) requires parties to exchange as part of their initial disclosures, among other material, "a computation of each category of damages claimed by the disclosing party." In addition, the disclosing party must make available for inspection and copying "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). This disclosure must be made "based on the information then reasonably available to [the disclosing party]," and is not excused because the disclosing party "has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

Rule 26(a) "requires more than providing . . . undifferentiated financial statements; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). It also requires some explanation of the plaintiff's theory, or theories, of damages. *Antolini v. McCloskey*, 335 F.R.D. 361, 364 (S.D.N.Y. 2020) ("[Defendants] also are entitled to know [p]laintiff's theory of damages."). Under Rule 26(e)(1), a party who becomes aware that a disclosure is "incomplete or incorrect" has a duty to supplement "in a timely manner." Fed. R.

Civ. P. 26(e)(1)(A). "Further, as discovery progresses, 'much greater detail than previously provided [is] necessary to satisfy Rule 26(a).'" *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 Civ. 902 (JGK) (HBP), 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (quoting *Design Strategy*, 469 F.3d at 295).

## DISCUSSION

Both Howden and Southern allege that Marsh has failed to adequately produce damages disclosures, computations, and supporting evidence in their initial disclosures. (Howden Ltr. at 1; Southern Ltr. at 1). In both instances, Marsh has countered that its initial disclosures are sufficient at this stage and has argued that additional detail and documentation must await further discovery or expert analysis. (Marsh Ltr. at 2; MMA Ltr. at 1).

### A. Marsh's Disclosures to Howden

Beginning with Marsh's disclosures as to Howden, Marsh most recently, in its Second Supplemental Initial Disclosures served on May 20, 2026, provided approximately nine pages worth of description for seven broad categories of damages. (No. 25 Civ. 9130, Dkt. No. 244-5). Marsh states that it has provided over 1,000 pages of documents supporting those disclosures. (Marsh Ltr. at 3). When Howden claimed deficiencies in these disclosures, Marsh responded that any additional supplementation requires additional discovery production from Howden, expert analysis, or both. (*Id.* at 2–3; Howden Ltr. at 1–2).

Marsh relies principally on *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, No. 03 Civ. 5560 (RMB) (HBP), 2006 WL 1520227 (S.D.N.Y. June 1,

2006), for its argument that its damages calculations do not involve simple mathematical equations and instead require expert analysis which need not be produced at this stage. (Marsh Ltr. at 3; Tr. at 26:19–27:22). But Marsh's reliance on *Kingsway* is misplaced. Courts in this Circuit have consistently held that "*Kingsway* does not create an exception to Rule 26(a)(1) in cases in which damages will be proved by experts: the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013); *accord Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049 (LJL), 2025 WL 1999355, at *2 (S.D.N.Y. July 17, 2025); *Barnes by and on Behalf of United States v. HealthNow N.Y. Inc.*, No. 16-CV-88-JLS-HKS, 2024 WL 3819408, at *4 (W.D.N.Y. Aug. 14, 2024).

Instead, the ordinary rule is that "although [p]laintiff's 'damages may depend largely on expert discovery, this does not relieve [plaintiff] of the obligation to comply with Rule 26,' as 'courts in this district routinely find that a party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation.'" *Acosta v. N.Y. Times Co.*, No. 25 Civ. 1119 (JPC), 2025 WL 3250875, at *7 (S.D.N.Y. Nov. 21, 2025) (quoting *Lively*, 2025 WL 1999355, at *2 (collecting cases)). "Even though [p]laintiff 'may not be able to clarify the precise method of calculating damages prior to expert discovery, and the amount initially claimed may turn out to be inaccurate,'

[plaintiff] 'is obligated to comply with Rule 26 as best [it] is able, including by providing a calculation of damages and supporting documents.'" *Id.* (quoting *Lively*, 2025 WL 1999355, at *2); *see also US Bank*, 2013 WL 5495542, at *5 ("The mere fact that assessing the amount of damages will require expert testimony does not absolve [the party seeking damages] of providing in its initial disclosures a computation of damages using the best information it has available[.]").

In *Lively*, for example, the plaintiff attempted to argue that she did not need to provide a computation of her damages under Rule 26 and promised to provide an estimate at a later date "in an amount to be determined by an expert." *Lively*, 2025 WL 1999355, at *1. The court rejected that approach, finding "unavailing" the plaintiff's attempt "to limit the applicability of Rule 26(a)(1)(A)(iii) to cases which involve 'straightforward calculations.'" *Id.* at *2. Instead, the plaintiff needed to provide "some basis" for her claimed economic damages, including by providing a calculation, even if "the amount initially claimed may turn out to be inaccurate." *Id.*; *see also Acosta*, 2025 WL 3250875, at *7 (granting motion to compel interrogatory response providing a "detailed description" of plaintiff's alleged damages, "the amount sought," and a "computation" of damages, and rejecting plaintiff's objection that such "specific damage calculations are being developed with expert assistance").

Applying these principles to Marsh's Second Supplemental Initial Disclosures, the Court first finds that Marsh's damages-related disclosures sufficiently identify and describe each of the categories of damages it is pursuing

(lost profits, mitigation costs, and disgorgement; lost enterprise value; disgorgement of compensation; damages from loss of employees and retention costs paid to remaining employees; liquidated damages; damages relating to misappropriation of confidential information and trade secrets; and punitive damages, attorneys' fees and costs, and pre- and post-judgment interest). (No. 25 Civ. 9130, Dkt. No. 244-5 at 3–12). The Court does not believe that Marsh needs to elaborate on the nature of its damages theories.

This, however, is not enough. Marsh must also, where possible, provide computations for its damages. Marsh has done so for two of its damages categories: disgorgement of compensation (*id.* at 7) and damages from loss of employees and retention costs paid to remaining employees (*id.* at 9–10). But it has not done so for other categories, including lost profits and mitigation costs (*id.* at 3–5), lost enterprise value (*id.* at 6–7), and liquidated damages (*id.* at 10–11). And Marsh's justifications for not doing so, when considered in light of the case law discussed above, are unconvincing. More specifically:

- With regard to the first category, Marsh notes that it has provided specific lost *revenue* computations. (*Id.* at 4). But Marsh is seeking recovery of its lost *profits*, and to comply with Rule 26(a)(1) it must provide some identification and computation of the costs to be deducted from the claimed lost revenues, yielding a lost profits amount. *See Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, No. 14 Civ. 2275 (JGK) (DF), 2016 WL 11271874, at *31–32 (S.D.N.Y. Nov. 4, 2016) (finding damages disclosures inadequate where they "failed to provide any

transparency into what 'costs' were factored into the 'cost of sales' figure listed under lost profits"), *R&R adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017).

- Marsh's promise that "its expert will compute the loss of enterprise value" (No. 25 Civ. 9130, Dkt. No. 244-5 at 8) is insufficient for the reasons discussed above. Enterprise value damages may well be "very complex" to calculate (Tr. at 37:6–7). But Marsh has chosen to seek damages on this theory, and that choice carries with it obligations to provide discovery. Complexity and the need for expert testimony do not absolve Marsh of those obligations. *See Design Strategy*, 469 F.3d at 295 (noting that "[t]he need for computation and supporting documents is especially necessary" in a case where "'simple arithmetic' calculation is wholly inadequate").

- Marsh's contention that it "is unable to provide a *complete* computation of its liquidated damages because discovery concerning which clients" were diverted from Marsh to Howden is in Defendants' possession (No. 25 Civ. 9130, Dkt. No. 244-5 at 10; emphasis added) disregards the fact that Marsh clearly knows the identity of some (and apparently quite a few) clients who were diverted. (*See, e.g.*, Second Amended Complaint, Dkt. No 256 ¶ 142 (alleging that, "[t]o date, Marsh [] has received notifications of 118 client departures, at least 82 of which have also confirmed an intention to move to Howden"); Marsh Ltr. at 3 (stating that Marsh had already "disclosed what it presently knows: the number of clients known to have departed to Howden")). Marsh cannot wait to provide a computation until it has a complete list of all diverted clients relevant to this aspect of its damages

claim; it must provide liquidated damages computations for those clients it currently is able to identify. *See US Bank*, 2013 WL 5495542, at *5 (rejecting party's justification for failure to disclose where it "asserts only that *some* information required to calculate these future overcharge damages is in [its adversary's] possession, not that *all* necessary information is in [its adversary's] possession" (emphasis in original)).[2]

No doubt, Marsh's computations will need to be adjusted and supplemented going forward and may prove to be inaccurate, in whole or in part. But that is not an excuse for withholding this information from its initial disclosures, especially since, at the time Howden raised this dispute with the Court, fact discovery had been ongoing for five months and was scheduled to close in another three months. (*See* Dkt. Nos. 149, 231). Marsh "is obligated to comply with Rule 26 as best [it] is able," based on "'the best information then available to it concerning [its] claim[s], however limited and potentially changing it may be.'" *Lively*, 2025 WL 1999355, at *2 (quoting 6 Moore's Federal Practice § 26.22[4][c] (3d ed. 2023)). Nor does Marsh's production of documents alter this conclusion. *See Pilitz v. Inc. Vill. of Freeport*, No. 12 Civ. 5655 (JS), 2020 WL 6945927, at *4 (E.D.N.Y. Nov. 25, 2020) ("[D]ocuments alone do not constitute a 'computation' as required under Rule 26(a).").

[2] Marsh does not seek to recover liquidated damages, which arise from its contractual agreements with individual Defendants, against Howden. (Tr. at 34:16–19). However, Howden contends that the amount of liquidated damages Marsh is seeking from the individual Defendants does impact Howden, as it could be an offset against Howden's exposure. (Tr. at 43:23-44:3).

Accordingly, Marsh's damages computations require supplementation where resisted on the basis of expert analysis alone. That includes its computations as to lost profits, lost enterprise value, liquidated damages, and loss of goodwill and reputational damages.[3] (Tr. at 18:6–21:12, 27:10–22, 36:23–37:16).

However, to the extent Marsh claims it cannot provide a computation until it receives information or documents from Howden, that requires a different analysis. "A party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person." *Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 3:05-CV-01975-VLB, 2016 WL 1178051, at *6 (D. Conn. Mar. 23, 2016) (quotation omitted); *see also Edelman v. NYU Langone Health Sys.*, No. 21 Civ. 502 (LJL), 2023 WL 4305446, at *5 (S.D.N.Y. June 30, 2023) (declining to impose sanctions as, even if initial disclosures were deficient, plaintiff had "a good reason for her failure to provide more detail" as the "documents with respect to the wage differential and back pay and front pay were in the possession of [d]efendants"); *Equal Emp. Opportunity Comm'n v. United Health Programs of Am., Inc.*, No. 14 Civ. 3673 (KAM), 2017 WL 10088567, at *13 (E.D.N.Y. Sept. 4, 2017) (denying preclusion as to damages methodologies based on initial disclosures as "[a]lthough plaintiffs are required to provide a calculation of damages, the defendants are in possession of the information required for

[3] Marsh includes its claim for loss of goodwill in its broader categories of lost profits and lost enterprise value, and its claim for reputational damages as part of lost profits. (No. 25 Civ. 9130, Dkt. No. 244-5 at 29–33).

calculating lost benefits, and purportedly it is defendants' failure to produce sufficient information that resulted in plaintiffs' incomplete disclosures").

Accordingly, Marsh need not supplement its disclosures as to categories of damages for which it requires discovery material from Howden. This includes its claims for disgorgement of profits Howden received from former Marsh clients and misappropriation of confidential information and trade secrets. (Marsh Ltr. at 2; 25 Civ. 9130, Dkt. No. 244-5 at 10 (alleging that "information necessary to quantify [trade secrets] damages . . . is in Defendants' possession, custody, and control")). In addition, Marsh does not need to supplement its disclosures with respect to its claims for punitive damages, attorneys' fees, or interest. *See Antolini*, 335 F.R.D. at 363 ("A computation of attorney's fees is simply not a required disclosure under [Rule 26(a)]." (citation omitted)); *Murray v. Miron*, No. 3:11 CV 629 JGM, 2015 WL 4041340, at *5 (D. Conn. July 1, 2015) (finding that plaintiff "did not violate Rule 26(a)(1)(A)(iii) in failing to provide a computation for her demand for punitive damages, attorney's fees and costs, and pre and post-judgment interest").

In summary, Marsh may rest on its present disclosures where additional specificity requires production of material currently in Defendants' possession, custody, or control, but must supplement its disclosures where resisted purely on the grounds of complexity or the need for expert analysis. Further, that supplementation must include both computation and documentation, to the extent relevant documents have not already been turned over.[4] Moreover, where necessary

[4] Marsh's letter stated that it had produced "at least 1,000" documents "which support its damages computations" (Pl. Ltr. at 3), and it represented during the conference that the total number had

material is turned over, Marsh is obligated to supplement its disclosures under Rule 26(e), as it has recognized and promised to continue doing. (Marsh Ltr. at 1). "The rule does not impose an outer time limit for a supplemental disclosure as long as the supplement is made 'in a timely manner,' . . . 'so as to avoid prejudicing adverse parties.'" *Edelman*, 2023 WL 4305446, at *4 (first quoting Fed. R. Civ. P. 26(e) and then quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 161 (S.D.N.Y. 2012)).

**B. MMA's Disclosures to Southern**

MMA's initial disclosures presented to Southern are even more wanting. In its First Amended Initial Disclosures, MMA provided Southern with a single paragraph stating that its damages "are not yet calculable" but are "no less than a multiple of $4.8 million in annual recurring revenue of MMA's Marine Team," and identifying five categories of alleged damages: loss of profits, business opportunities, and other revenue; the value of the book of business taken by Southern; reimbursement for the loss or diminution in value of MMA's confidential information based on misuse or misappropriation; punitive damages; and attorneys' fees and costs as well as pre- and post-judgment interest. (No. 25 Civ. 9080, Dkt. No. 46-4 at 7). In its letter to the Court on the issue, MMA claims that further specificity cannot be supplied at this stage because quantifying its damages "requires far more than simple mathematical computations," including expert

reached 2,000 documents (Tr. at 27:23–28:14). Accordingly, Marsh may have already turned over all the documents required for its damages computations, even if the computations themselves require supplementation. To the extent that is the case, Rule 26 does not require additional document disclosure.

analysis, and because "significant aspects" of its damages information "is not in MMA's possession" but in the possession of Southern and third parties. (MMA Ltr. at 2).

For the same reasons discussed above with respect to Marsh's disclosures to Howden, MMA's claimed inability to provide a damages computation without expert analysis does not relieve it of its obligation to comply with Rule 26(a)(1)(A)(iii). MMA's disclosures require supplementation as to its first two categories of damages, *i.e.*, lost profits, business opportunities, and other lost revenues and the value of the book of business taken by Southern. However, MMA need not include further specification for its claims for reimbursement for loss or diminution in value of its confidential information, which it alleges relies on information which is not in MMA's possession. (MMA Ltr. at 2). Nor does it need to supplement its claims for punitive damages, attorneys' fees, or pre- or post-judgment interest. In addition, MMA must provide a more fulsome description of the nature of all its damages theories with the exception of the claims for punitive damages, attorneys' fees, and interest. Finally, consistent with Rule 26(a) and Southern's request (Southern Ltr. at 3), MMA must also turn over any documentation supporting its computations, to the extent those materials have not already been provided.[5]

---

[5] MMA represented in its letter that it had made an initial production of "more than 600 documents" and that it was in the process of "preparing additional productions directed to damages-related information." (MMA Ltr. at 2). To the extent those documents fully support MMA's damages computations after supplementation, no additional document turnover is required.

## CONCLUSION

For the foregoing reasons, the letter motions to compel by Howden and Southern are **GRANTED IN PART and DENIED IN PART**. Marsh and MMA shall produce supplemental disclosures and supporting documentation consistent with this Order by no later than October 30, 2026.

**SO ORDERED.**

DATED: New York, New York
October 9, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge